CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 31 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:00-cr-70114-1 |
| v. | § 2255 MEMORANDUM OPINION |
| ARTHUR OUTLAW,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

This matter is before me upon petitioner's motion to appoint counsel and "Petition for Equitable Tolling and Review Under Actual Innocence" to be relieved from the criminal judgment entered on June 4, 2001. After reviewing the instant motion, I conclude that the "Petition for Equitable Tolling and Review Under Actual Innocence" is appropriately filed and dismissed as a successive 28 U.S.C. § 2255 motion.

When a convict files a motion in a closed criminal case challenging a criminal judgment, the motion is often considered a successive § 2255 motion if the motion raises claims allegedly omitted from the initial § 2255 motion or presents new evidence in support of a claim already denied. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow a convict to bring these claims in a subsequent § 2255 motion would circumvent the requirement under § 2255(h) that a court of appeals certify any subsequent § 2255 claim. Id. at 531-32.

I dismissed petitioner's first § 2255 motion with prejudice on December 30, 2004. Outlaw v. United States, No. 7:03-cv-00719 (W.D. Va. Dec. 30, 2004). Petitioner reargues in the instant petition that he is actually innocent of the crimes for which he is presently incarcerated because he received ineffective assistance of counsel during trial and sentencing. Thus, I find that the instant petition again challenges the criminal judgment, and I construe the petition as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. A district court

may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, I dismiss petitioner's § 2255 motion without prejudice as successive.[1] Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 31st day of August, 2012.

*[signature]*
Senior United States District Judge

---

[1] Consequently, petitioner's motion to appoint counsel is denied as moot. Cf. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further.").