CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 2 2 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 4:00-cr-70114-1** |
| **v.** | **§ 2255 MEMORANDUM OPINION** |
| **ARTHUR OUTLAW,** <br> **Petitioner.** | **By:** **Hon. Jackson L. Kiser** <br> **Senior United States District Judge** |

This matter is before me upon petitioner's "Motion for Relief Pursuant to Actual Innocence" to vacate the criminal judgment entered on June 4, 2001. After reviewing the instant motion, I conclude that the "Motion for Relief Pursuant to Actual Innocence" is appropriately filed and dismissed as a successive 28 U.S.C. § 2255 motion.

When a convict files a motion in a closed criminal case challenging a criminal judgment, the motion is often considered a successive § 2255 motion if the motion raises claims allegedly omitted from the initial § 2255 motion or presents new evidence in support of a claim already denied. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow a convict to bring these claims in a new § 2255 motion would circumvent the requirement under § 2255(h) that a court of appeals certify any subsequent § 2255 claim. Id. at 531-32.

I dismissed petitioner's first § 2255 motion with prejudice on December 30, 2004. Outlaw v. United States, No. 7:03-cv-00719, slip op. at 1 (W.D. Va. Dec. 30, 2004). Petitioner reargues in the instant petition that he is actually innocent of the crimes for which he is presently incarcerated because he received ineffective assistance of counsel during trial and sentencing. I find that the instant petition again challenges the criminal judgment, and I construe the instant petition as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. I may consider a

second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion, I dismiss petitioner's § 2255 motion without prejudice. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 22nd day of January, 2013.

Senior United States District Judge